```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

BERNESSIA LEE,                    )
                                  )
    Plaintiff,                    )
                                  ) Civil Action No. 5:06-360-JMH
                                  )
v.                                )
                                  )
                                  )
AMERICAN GENERAL LIFE             ) **MEMORANDUM OPINION AND ORDER**
COMPANIES, LLC                    )
                                  )
    Defendant.                    )

                     **    **    **    **    **

This matter is before the Court on American General Life Companies' ("American General" or "Defendant") motion for summary judgment [Record No. 12]. The matter having been fully briefed, it is now ripe for review.

## I.  FACTUAL HISTORY

The facts in the instant case are generally undisputed. In July of 1998, Plaintiff Bernessia Lee ("Plaintiff" or "Lee") was involved in an automobile accident which rendered her physically disabled. At the time of her accident, Plaintiff was employed by Lexington Clinic. As a benefit of employment, employees of Lexington Clinic, including Plaintiff, were afforded coverage under a long-term disability insurance policy issued by American General (the "Policy").

Shortly after her disabling automobile accident, Plaintiff began receiving monthly disability benefits under the Policy, in

the amount of $1,134.81. Plaintiff also applied for Social Security disability benefits, which were awarded on August 12, 2000. Plaintiff's Social Security disability benefits total $685 per month, and were retroactively effective from January 1, 1999.

The Policy contains the following relevant language:

> **REDUCTION OF BENEFITS ON ACCOUNT OF OTHER INCOME BENEFITS:** "Other Income Benefits" are those income benefits listed below which are provided to the insured for the same disability for which monthly benefits are payable under this policy. Each monthly benefit will be reduced by the sum of any income the insured receives that month from: The Federal Social Security Act.

Upon learning that Plaintiff had applied for Social Security disability benefits, and in reliance on the Policy provision quoted above, American General gave Plaintiff two options regarding the payment of benefits under the Policy. Plaintiff could: (1) allow American General to reduce her monthly benefits by the amount of monthly Social Security disability benefits it estimated she would be entitled to; or (2) continue to receive benefits under the Policy without reduction for estimated Social Security benefits, and agree to repay to American General any overpayment in the event Social Security benefits were awarded. Plaintiff chose the second option – to continue to receive full benefits and repay any overpayment – by letter dated March 3, 1999.

It was not until 2004 that American General learned that Plaintiff had been awarded Social Security benefits. Upon learning of Plaintiff's other income benefits, Jennifer Caruso of American

General notified Plaintiff by letter dated May 12, 2004, that Plaintiff had received an overpayment of benefits under the Policy. Ms. Caruso calculated that Plaintiff had been overpaid $685, the amount of the Social Security benefits, for sixty-three months, totaling $43,155 in overpayment.  Ms. Caruso's letter directed Plaintiff to send a personal check or money order to cover the overpayment, or call to discuss other reimbursement options.

After sixty days passed with no payment from Plaintiff, American General began to reduce Plaintiff's monthly benefits to compensate for the overpayment.  In garnishing Plaintiff's monthly benefits, American General relied on the following Policy provision:

> **RIGHT OF RECOVERY:** If benefits have been overpaid on any claim, it will be required that reimbursement be made to United States Life [n/k/a American General] within sixty (60) days, or United States Life has the right to reduce future benefits until such reimbursement is received.

It is Plaintiff's claim that the Policy provisions governing the reduction of benefits by the amount of any other income benefits and the requirement to repay any overpayments are vague, ambiguous, and unconscionable. Plaintiff claims she is entitled to judgment against American General for the amount of benefits American General wrongfully withheld.

## II.  Standard of Review

Although styled a "Motion for Declaratory Judgment," Defendant's motion delineates the standard of review applicable to

motions for summary judgment. Plaintiff responds to Defendant's motion as though it were one for summary judgment, a point that Defendant does not dispute. As such, the Court will similarly construe Defendant's motion as one for summary judgment.

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex*, 477 U.S. at 325.

When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). A genuine dispute exists on a

material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to the plaintiff, summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the plaintiff]." *McKinnie v. Roadway Express*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Analysis

Defendant seeks summary judgment on Plaintiff's claim that the language of the Policy is vague, ambiguous, and unconscionable. As both parties concede, the Policy is an employee benefit plan falling with the ambit of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Whether the language of an ERISA policy is vague or ambiguous is a matter of law for the Court to decide. *Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1376 (6th Cir. 1994). When interpreting the language of an ERISA plan, "any ambiguity will be construed liberally in favor of the insured and strictly against the insurer." *Citizens Ins. Co. of*

*Am. v. MidMichigan Health*, 449 F.3d 688, 692 (6th Cir. 2006)(quoting *Regents of Univ. of Michigan v. Employees of Agency Rent-A-Car*, 122 F.3d 336, 339 (6th Cir. 1997). "When interpreting ERISA plan provisions, courts have gone beyond the actual language of the plan, even if "clumsily drafted," to ascertain the underlying intent. Yet, the Court's paramount responsibility in construing plan language is to ascertain and effectuate the underlying intent." *Id.* at 692-93 (internal citations omitted).

This Circuit has recognized that "[t]he most important consideration in construing a[n ERISA] plan is the language of the plan itself as known by the employees, or as the employees should have known." *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 850 (6th Cir. 2006)(citing *Callahan v. Rouge Steel Co.*, 941 F.2d 456, 460 (6th Cir.1991)). "However, where the terms of a plan are ambiguous, we look to extrinsic evidence to discern the purpose of the plan as the average employee would have reasonably understood it." *Id.*

Plaintiff argues that the Policy provision requiring that monthly benefits under the Policy be "reduced by the sum of any income the insured receives that month from: The Federal Social Security Act," is vague, ambiguous and unconscionable. In August of 2000, Plaintiff was awarded Social Security disability benefits retroactive to January 1999. It is Plaintiff's argument that because of the "that month" language in the other income benefits provision of the Policy, her benefits under the Policy should have

only been reduced the actual month she received her Social Security benefits - August 2000. For the following reasons, the Court finds that even when construed strictly against the Defendant, the Policy provisions are not vague, ambiguous, or unconscionable.

It is clear that the underlying intent of the "Other Income Benefits" provision of the Policy was to avoid duplication of benefits. Upon recognizing that Plaintiff may be entitled to Social Security benefits and that such benefits may be retroactively effective, thus preventing Defendant from reducing Plaintiff's monthly benefits in an amount commensurate to the amount of Social Security benefits received, Defendant asked Plaintiff how she would like to proceed. Instead of requesting that Defendant reduce her monthly benefits under the Policy by its estimation of her Social Security benefits, Plaintiff opted to continue receiving full benefits under the Policy and repay any overpayment once her Social Security benefits were determined. It is undisputed that Plaintiff did not honor her repayment obligation and that Defendant has, and will continue to, garnish her monthly benefits until it is reimbursed for the $43,155 overpayment.

Any reasonable employee should have known that he or she was not entitled to an overpayment of benefits. In fact, Plaintiff so much as admitted in her deposition that she was required to return to Defendant the amount of overpayment. Accordingly, the terms of the Policy were not vague, ambiguous, or unconscionable.

Additionally, Plaintiff contends that the provision of the Policy detailing Defendant's right to recovery in the event of overpayment does not apply to her disability benefits due to the fact that the right to recovery provision is included in a portion of the Policy entitled "General Provisions for Accident and Health Insurance." As the Policy under which Plaintiff's disability benefits were payable is a Group Accident and Health Policy, the right to recovery provision is applicable to the entire policy, including the sections covering disability benefits.

### IV. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED**;

This the 5th day of October, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge